## HEIMBACH v. LEHIGH VALLEY R. CO.

### ECK v. SAME.

#### (District Court, E. D. Pennsylvania. May 21, 1912.)

COMMERCE (§ 27*)—EMPLOYERS' LIABILITY ACT—EMPLOYED IN INTERSTATE COMMERCE.

 Employés of a railroad company, injured while repairing a car of another company which had reached the end of its run, been unloaded, and was lying at a station awaiting orders, were not at the time employed in interstate commerce within Employer's Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322).

 [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*

 For other definitions, see Words and Phrases, vol, 3, pp. 2377–2380; vol. 8, p. 7649.]

At Law. Actions by Clara Heimbach, administratrix, and by Lavina Eck, administratrix, respectively, against the Lehigh Valley Railroad Company. On motions by defendant for judgments notwithstanding the verdicts. Motions sustained.

W. H. G. Gould, of Philadelphia, Pa., C. W. Kaeppel, of Allentown, Pa., U. S. Koons, of Philadelphia, Pa., and J. L. Schaadt, of Allentown, Pa., for plaintiffs.

James Wilson Bayard and Frank P. Prichard, both of Philadelphia, Pa., for defendants.

J. B. McPHERSON, Circuit Judge. These cases were tried together, and depend on the same testimony. The serious difficulty about sustaining the verdicts is found in the fact that the decedents were not engaged in an act of interstate commerce. In the light of the recent decision by the Court of Appeals in Pedersen v. Delaware, etc., R. R. Co., 197 Fed. 537, this seems to be a fatal objection. They were killed while repairing a car that had been transported from New Jersey to Pennsylvania, and during that transit had, of course, been engaged in commerce between the states. But it appeared that the car had reached its destination. It was empty. The end of that journey was South Bethlehem, in Pennsylvania; and, having there been found to need repairs, it was put upon a side track for that purpose. It belonged to the Wabash Railroad, but that fact is of little importance, considering the well-known practice of all railroads to use each other's cars interchangeably, paying for the use. So far as appears, therefore, this car was in Pennsylvania simply awaiting orders; and, indeed, the evidence showed that not long after the accident its next movement was to another station in Pennsylvania, beyond which point it was not traced. There is no evidence that the car was being used in interstate commerce at the time of the injury, and in my opinion, therefore, the act of Congress does not apply to the present situation. For the purposes of this decision I assume that men engaged in repairing cars may be engaged in interstate commerce, but I do not decide the point.

In each case the clerk is directed to enter judgment in favor of the defendant notwithstanding the verdict. And in each case an exception to this order is sealed in favor of the plaintiff.